Harry **DACHILLE** and Lillian Dachille, co-partners, d/b/a Dachille Trucking Company, Plaintiffs,

v.

**UNITED STATES of America,** Defendant.

Civ. No. 18203.

United States District Court
E. D. Michigan, S. D.
June 8, 1959.

Maiullo & Maiullo, Detroit, Mich., for plaintiffs.

Elmer L. Pfeifle, Jr., Asst. U. S. Atty., Detroit, Mich., and Leo M. McCormack, Tax Division, Department of Justice, Washington, D. C., for the United States.

O'SULLIVAN, District Judge.

Plaintiffs have filed a motion for new trial following entry of judgment for the defendant, based upon the jury's

**34**

verdict. This was a suit by the plaintiffs to recover from the United States taxes assessed against plaintiffs under the provisions of Section 3475 of the Internal Revenue Code of 1939, 26 U.S.C. A. § 3475, being generally known as transportation taxes.

The issue which was tried was whether or not certain operators of trucks were, in fact, employees of the plaintiffs, or were independent contractors engaged in the business of transporting property for hire. That was the issue submitted to the jury, and that issue was decided against plaintiffs in favor of defendant. This Court is satisfied that the jury's verdict was amply justified by the evidence offered in the case, and was neither contrary to law nor to the great weight of the evidence, as averred by plaintiffs' motion for new trial.

In addition to the aforementioned attack upon the verdict and judgment, plaintiffs allege that the Court erred in submitting the matter to the jury on a special verdict. The question contained in the special verdict was as follows:

"In their relationship with plaintiffs, were the truck owners who received monies from the plaintiffs, and upon the amount of which the taxes involved here were assessed, persons engaged in the business of transporting property for hire during the period January, 1951, through May, 1955?"

Inasmuch as the section of the Internal Revenue Code which imposed the tax provided that, "Such tax shall apply only to amounts paid to persons engaged in the business of transporting property for hire" and the plaintiffs' case was bottomed upon the claim that certain operators of trucks were not such persons, but were employees, the jury's answer to the question contained in the special verdict was completely dispositive of all issues in the case.

Aside from the submission of the special verdict, the Court's Charge clearly defined the issue that was before the jury, the resolution of which would provide the background of the jury's answer to the question contained in the special verdict. The Court, in its Charge, told the jury that if the truck operators in question were employees of the plaintiffs, then the plaintiffs would prevail and the answer to the special verdict would be in the negative, from which a judgment in favor of the plaintiffs would follow. The following excerpts from the Court's Charge demonstrate this:

"The taxes do not apply to amounts paid to a person when an employer-employee relationship exists between the person making the payment and the person receiving the payment."

"So the question for you to decide is whether these truck owners were employees of the Dachille Trucking Company, or self-employed, and thus independent contractors."

"If you should decide that these truck owners were self-employed, and thus independent contractors, then the taxes paid by the Dachille Trucking Company were legally assessed and collected."

"If you find that the persons we have been talking about, namely, the owner operators, fleet owners, and the other terms that we have applied to these truckers were in fact employees of the plaintiff and were not persons engaged in the business of transporting property for hire within the meaning of the law, then your special verdict should be the answer 'No' to the question propounded by the special verdict."

"I might say to you that an answer 'No' to the special question is your finding that the persons involved here were not persons engaged in the business of transporting property for hire, and therefore the tax is illegally assessed."

"Were these people employees of the Dachille Trucking Company, or were they independent contractors, *. * *? That is what you have got to decide."

From the foregoing, the jury could not understand otherwise than that they were to decide whether or not the so-called owner-operators were employees of the plaintiffs. They were also clearly told that if they did so find, they should make a negative answer to the question contained in the special verdict, which finding would result in a judgment for the plaintiffs.

Accordingly, the verdict of the jury in this case and the judgment entered pursuant thereto was an adjudication that the owner-operators were not employees of the plaintiffs, but were independent contractors. This Court is satisfied that the evidence justified such an adjudication.

The motion for new trial is denied. An order to that effect is being entered contemporaneously herewith.